# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| TONY NNAMANI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 3:14-cv-02177 |
| ) | JUDGE HAYNES |
| UNITED STATES OF AMERICA, ) | MAGISTRATE JUDGE BRYANT |
| ) | |
| Defendant. ) | |

To: The Honorable William J. Haynes, Jr., Senior District Judge

## REPORT AND RECOMMENDATION

### I. Introduction

By order entered November 10, 2014 (Docket Entry No. 3), this matter was referred to the undersigned for case management and to recommend ruling on any dispositive motion.

Plaintiff Tony Nnamani filed the complaint in this action on October 21, 2014 (Docket Entry No. 1-1), in the General Sessions Court for Davidson County, Tennessee, and the case was removed to this Court pursuant to the provisions of 28 U.S.C. § 1442(a)(1) (Docket Entry No. 1). The Complaint alleges that Willie J. Argeyo, while negligently operating an automobile, was involved in a vehicular collision with Plaintiff on March 3, 2014. (Docket Entry No. 1-1.) Plaintiff seeks relief an amount under twenty-five thousand dollars ($25,000) for damages due to, e.g., pain and suffering, physical injury, and inconvenience. (Id.) As per 28 U.S.C. § 2679(d)(2), a Motion to Substitute the United States as defendant was previously granted by this Court in light of Argeyo's status as a federal employee acting within the scope of his employment at the time of the accident. (Docket Entry No. 9.)

1

In Defendant's Motion to Dismiss and Memorandum in Support, Defendant argues that this Court should dismiss for lack of jurisdiction pursuant to 28 U.S.C. § 2775 (Docket Entry Nos. 10, 11); however, as this statute does not exist, Defendant's allegations that Plaintiff has failed to pursue administrative relief in this matter with the United States Department of the Navy will be assumed to fall under the provisions of 28 U.S.C. § 2675(a). In support of its motion, Defendant has attached a Declaration by Hal Dronberger, Director of the Claims and Tort Litigation Division in the Department of the Navy, in which he asserts that he is the individual responsible for supervising and monitoring the administrative claims presented to the Department arising under the Federal Tort Claims Act. (Docket Entry No. 12.) Dronberger certifies that he has conducted a thorough search of the records maintained and that to the best of his knowledge and belief, Plaintiff has not filed an administrative claim with or against the Department on the subject of this action. (Id.)

For the reasons stated herein, the undersigned recommends that the Defendant's motion to dismiss be GRANTED.

## II. Factual Background

The following facts are asserted by Defendant, and are not opposed by Plaintiff: On May 3, 2014, at approximately 1615 CST (Docket Entry No. 11 at ¶ 1), Sergeant Willie J. Argeyo was traveling eastbound on Charlotte Pike in Nashville, Tennessee, in a Government Owned Vehicle (GOV), which he was operating in accordance with normal recruiting operations in the scope of his federal employment as a canvassing recruiter (Id. at ¶¶ 1-6). Argeyo was driving at approximately 45 m.p.h. from Tennessee State University when he ran a red light at the

intersection of George L. Davis and struck the vehicle being operated by Plaintiff Tony A. Nnamani, giving rise to this action. (Id. at ¶¶ 6, 13.)

### III. Discussion

It is well settled that "[t]he United States, as sovereign, is immune from suit save as it consents to be sued," United States v. Sherwood, 312 U.S. 584, 586 (1941), and that it may "define the conditions under which it will permit such actions." Honda v. Clark, 386 U.S. 484, 501 (1967). Title 28 U.S.C. § 1346(b)(1) gives the federal district courts exclusive jurisdiction over civil actions against the United States such as the one at bar, subject to the provisions of the Federal Torts Claims Act (FTCA), 28 U.S.C. §§ 2671-2680 (1946). See Singleton v. United States, 277 F.3d 864, 872 (6th Cir. 2002). The FTCA under § 2679(b) defines the exclusive remedy for tort claims against federal employees and provides a limited waiver of immunity. However, pursuant to § 2675(a)[1], an action against the United States may not be brought unless the claimant has first exhausted his administrative remedies. McNeil v. United States, 508 U.S. 106, 111 (1993) (claimant who submitted claim to proper agency four months after filing FTCA suit could not maintain suit because he failed to first exhaust his administrative remedies). Title

---

[1]28 U.S.C. § 2675(a) provides in part as follows:
> (a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent act or omission of any employee of the government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate federal agency and his claim shall have been finally denied by the agency in writing or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2401(b)[2] bars tort claims against the United States unless presented to the appropriate federal agency within two years after accruing or within six months of an agency's final denial.

Failure to follow legislatively specified procedure "deprives a federal court of jurisdiction over the claim," Holt v. Morgan, 79 F. App'x. 139, 141 (6th Cir. Oct. 23, 2003), requiring dismissal. See Himmelreich v. Fed. Bureau of Prisons, 766 F.3d 576, 579 (6th Cir. 2014) ("[I]n the absence of jurisdiction, the court lacks the power to enter judgment."). When the court determines that it lacks jurisdiction, it must dismiss the case, either on a party's motion or sua sponte. Fed. R. Civ. P. 12(h)(3).

The Defendant's Motion to Dismiss asserts that the Plaintiff has failed to exhaust his administrative remedies in this matter as statutorily required. (Docket No. 10.) The issue here is whether this Court has subject matter jurisdiction over Plaintiff's claim.

"The most natural reading of [28 U.S.C. § 2675(a)] indicates that Congress intended to require complete exhaustion of Executive remedies *before* invocation of the judicial process." McNeil, 508 U.S. at 112 (emphasis added). Every premature filing under the FTCA imposes some slight burden on the system, and the statute's purpose is to administer orderly processing of a vast multitude of claims. Id. Accordingly, § 2675(a) requires a claimant with a FTCA claim to first present his claim to the appropriate federal agency, and only *after* receiving a denial of

---

[2]28 U.S.C. § 2401(b) provides in part as follows:
(a) A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

relief may he file suit. Id. at 111-12.

Because Plaintiff filed what amounted to a § 2675(a) claim for monetary relief and did not respond in opposition to the Motion to Dismiss, the undersigned must conclude that he was bound to first exhaust his available administrative remedies before proceeding in court.[3] The Declaration by the Director of the Claims and Tort Litigation Division in the Department of the Navy asserts that Plaintiff has not filed an administrative claim with or against the Department regarding the subject of this action. (Docket Entry No. 12.) See Rogers v. United States, 675 F.2d 123, 124 (6th Cir. 1982) (neither plaintiff's unawareness of defendant's federal employment nor the United States' removal eliminated the jurisdictional requirement that a timely administrative claim be filed).

Because Plaintiff failed to follow proper procedure by exhausting administrative remedies prior to filing suit, the Court lacks jurisdiction over this claim and Defendant's Motion to Dismiss should be GRANTED.

---

[3]It should be noted that even if Plaintiff submitted his claim to the Department after filing this action, but before substantial progress was made in litigation, he would still not be permitted to maintain this suit because he filed his complaint too early – before presenting it to the Department or receiving a final denial from it. See McNeil, 508 U.S. at 111-12. Fortunately, dismissal of this action will likely not cost Plaintiff the opportunity to present a timely administrative claim, should he desire to do so. See 28 U.S.C. § 2679(d)(5).

### IV. Recommendation

For the reasons stated herein, the undersigned hereby recommends that the Defendant's motion to dismiss be GRANTED and that this action be DISMISSED.

Any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to it with the District Court. Any party opposing said objections shall have fourteen (14) days from the receipt of any objections filed in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140, 150-53 (1985); Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004) (en banc).

ENTERED this 16th day of June, 2015.

s/ John S. Bryant
JOHN S. BRYANT
UNITED STATES MAGISTRATE JUDGE